■ DEBORAH RONNEN, Individually and as Guardian for LIA RONNEN and Others, et al., Appellants, v AJAX ELECTRIC MOTOR CORP. et al., Respondents. NEIL NORRY, Respondent, v DEBORAH RONNEN et al., Appellants. [636 NYS2d 698] —Order and judgment affirmed with costs for reasons stated in decision at Supreme Court, Kehoe, J.

All concur except Green, J. P., and Callahan, J., who dissent and vote to reverse in the following Memorandum.

Green, J. P. and Callahan, J. (dissenting). We respectfully dissent. This is the latest episode in a feud over the operation of Ajax Electric Motor Corp. (Ajax), a "family-owned" business *(see, Ronnen v Norry,* 181 AD2d 1080; *Norry v Ronnen,* 154 AD2d 915; *Norry v Ronnen,* 116 AD2d 1023). At issue on this appeal is the interpretation of the provisions of a shareholders' agreement entered into between Neil Norry (Norry) and his sister Deborah Ronnen (Ronnen), concerning Neil's right to vote the Ronnen shares of Ajax Electric Motor Corp. (Ajax) owned by Deborah individually and as custodian for her three children. Norry and Ronnen commenced separate actions, pursuant to Business Corporation Law § 619, seeking a determination of the validity of the election of directors at the annual

meeting scheduled on March 13, 1995. Those actions were consolidated.

We conclude that Supreme Court erred in determining that the shareholders' agreement gave Norry the authority to vote the Ronnen shares in the election of directors. Paragraph 8 (a) of the agreement gives Norry the authority to vote the Ronnen shares with respect to "any and all matters relating to Ajax's day-to-day operations and corporate management" and "the sale of substantially all of Ajax's assets or stock * * * to an unrelated third party". That agreement, however, goes on to provide that the Ronnen shareholders retain the right to vote their shares "[i]n connection with other major corporate policy decisions (including, but not limited to, other types of corporate reorganizations, the issuance of additional stock and/or the admission of new shareholders, corporate dissolution and liquidation, and bankruptcy and receivership)".

In our view, the voting of shares in the election of directors is not a matter relating to "Ajax's day-to-day operations and corporate management" but rather, is one of those "major corporate policy decisions" on which the Ronnens expressly retained the right to vote their shares. The election of directors is one of the fundamental decisions in which shareholders may take part in governing the conduct of the corporation (see, United States v Wallach, 935 F2d 445, 462; see also, Business Corporation Law §§ 614, 703 [a]). Moreover, to interpret paragraph 8 (a) of the agreement any other way would render the use of the word "they" in other closely related provisions of the agreement, such as paragraphs 10, 12 and 14, meaningless.

In our view, the court also erred in setting aside the election of directors at the March 13, 1995 meeting. Neither the service of a temporary restraining order on Norry immediately prior to the commencement of the meeting nor the presence of video equipment in the meeting room, without prior notification to Norry, provided a valid reason to justify Norry's actions in seeking to adjourn the meeting. Moreover, we conclude that the shareholders' agreement did not give Norry the authority to vote the Ronnen shares on his motion to adjourn the meeting. A majority of the votes were against adjournment. Furthermore, because the parties do not argue the disputed votes issue on appeal, we conclude that Norry did not properly adjourn the meeting, and that the Ronnen shareholders and other shareholders properly proceeded with the meeting and elected a valid slate of directors. (Appeal from Order and Judgment of Supreme Court, Monroe County, Kehoe, J.—Set Aside

Election of Directors.) Present—Green, J. P., Lawton, Callahan, Doerr and Davis, JJ.